UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILIP G. HUTSLER, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:13-CV-2159-SPM |
| SHAPIRO & KREISMAN, LLC, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Shapiro & Kreisman, LLC's motion to dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim (Doc. 10). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 12). For the reasons stated below, the court will grant Defendant's motion.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

On October 11, 2012, Plaintiffs Philip G. Hutsler and Susan M. Hutsler ("Plaintiffs") learned that their home, located at 15408 Fort de France Lane in St. Louis County, Missouri ("the property" or "the premises"), had been scheduled for a foreclosure sale on October 22, 2012. Plaintiffs also learned that Defendant Shapiro & Kreisman, LLC ("Defendant") was handling the foreclosure. Plaintiffs retained their own attorney. On October 21, 2012, Plaintiffs' attorney faxed to Defendant a copy of a Verified Petition, an Application for Temporary Restraining Order, and a Motion for Preliminary Injunction Plaintiffs intended to file in state

---

[1] These facts are taken from Plaintiffs' First Amended Complaint (Doc. 8) and the attachments thereto.

1

court against Wells Fargo Home Mortgage, Inc.; these were directed toward stopping the sale of Plaintiffs' property. On October 22, 2012, the foreclosure sale occurred. Later that day, Plaintiffs filed the aforementioned pleadings with the Circuit Court of St. Louis County, State of Missouri. On October 23, 2012, the state court held a hearing on Plaintiffs' application for a Temporary Restraining Order ("TRO"), with a representative of Defendant appearing by telephone. The court issued a TRO stating that it "Orders Defendant, Wells Fargo Home Mortgage, Inc., not to sell or otherwise dispose of the property . . . until such further Orders are made by the Court." The order also stated that Wells Fargo Home Mortgage, Inc., was ordered to appear before the Court on November 7, 2012, to show cause why Plaintiffs' Motion for Preliminary Injunction should not be granted.

On October 30, 2012, a hearing was held before the state court on Plaintiffs' motion to reduce bond, and a representative of Defendant attended the hearing. On November 7, 2012, the state court continued the hearing on Plaintiffs' motion for preliminary injunction to November 21, 2012. Also on November 7, Defendant sent a letter directly to Plaintiffs advising them that their property had been sold at a foreclosure sale on October 22 and that Well Fargo Bank, NA was the new owner of the property. The letter stated, "Unless you agree with Wells Fargo Bank, NA to a rental or lease agreement for the premises, Wells Fargo Bank, NA, on or after ten (10) business days following the date of this notice, may seek a court order or judgment to have you removed from the premises. Remaining on the premises after the date of this notice does not make you a tenant of the new owner." On November 16, 2012, Defendant sent Plaintiffs another letter, stating, "This 2nd Demand is being made for you to vacate the property. This letter is to inform you that eviction proceedings have been instituted against this property." (Doc. 1-7). Each of these letters included a notice at the bottom stating, "PURSUANT TO THE

FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT THIS OFFICE IS DEEMED TO BE A DEBT COLLECTOR ATTEMPTING TO COLLECT DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

On November 21, 2012, Plaintiffs' state-court lawsuit against Wells Fargo Home Mortgage, Inc., was removed to the United States District Court for the Eastern District of Missouri, where it is currently pending. (E.D. Mo. Case No. 4:12-cv-2184). On November 26, 2012, Defendant filed an Unlawful Detainer Petition against Plaintiffs, wherein Defendant sought possession of the premises, plus double the sum of monthly rent as damages.[2]

Plaintiffs filed the present suit alleging that Defendant's actions violated the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Plaintiffs allege (1) that "Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken, in that Defendant had no right to evict Plaintiffs while a valid TRO was in place"; and (2) "Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiffs with knowledge that [Plaintiffs][3] were represented by an attorney." Defendant moved to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, though it need not accept the legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the

---

[2] Plaintiffs assert that a copy of this Petition is attached to the First Amended Complaint, but it is not.
[3] The First Amended Complaint actually reads, "Defendants were represented by an attorney"; this was presumably a typographical error.

plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

A written instrument attached to a complaint is considered a part of the complaint and may be considered in ruling on a motion to dismiss. Fed. R. Civ. P. 10(c); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006).

## DISCUSSION

"The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors,' . . . and debt collectors are liable for failure to comply with 'any provision' of the Act." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006) (quoting 15 U.S.C. §§ 1692(e) and 1692k(a)). In order to establish an FDCPA violation, "Plaintiff[s] must prove that [they are] consumer[s]; Defendant is a debt collector; there was an attempt to collect a debt; and Defendant violated, by act or omission, a provision of the FDCPA." *Campbell v. Credit Protection Ass'n*, No. 4:12CV00289AGF, 2013 WL 1282348, at *4 (E.D. Mo. Mar. 27, 2013) (citing *Pace v. Portfolio Recovery Assocs.*, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012)). Plaintiffs allege that by sending the letters demanding that they vacate the property and by filing the unlawful detainer action against them, Defendant violated two provisions of the FDCPA: 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692c(a)(2).

Section 1692e(5) provides, in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general

4

> application of the foregoing, the following conduct is a violation of this section: . . . .
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

Plaintiffs allege Defendant violated § 1692e(5) "by threatening to take action that could not legally be taken, in that Defendant had no right to evict Plaintiffs while a valid TRO was in place." 1st Am. Compl. ¶ 19(b).

> Section 1692c(a) provides, in relevant part:
>
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
> . . .
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

Plaintiffs allege that Defendant violated § 1692(a)(2) "by communicating directly with Plaintiffs with knowledge that [Plaintiffs] were represented by an attorney." 1st Am. Compl. ¶ 19(b).

Defendant argues that Plaintiffs fail to state a claim under either of these provisions. It advances several arguments in support of its position: (1) as an enforcer of a security interest, Defendant is not a "debt collector" for purposes of sections 1692c and 1692e of the FDCPA; (2) Defendant was not engaged in the collection of a debt for purposes of sections 1692c and 1692e of the FDCPA; (3) for purposes of the § 1692e(5) claim, Plaintiffs have failed to allege facts showing that Defendant threatened to take any action that could not legally be taken, because nothing in the TRO prevented Defendant from filing the unlawful detainer suit; and (4) for purposes of the § 1692c(a)(2) claim, Plaintiffs cannot state a claim based on the sending of letters directly to them because Missouri law required Defendant to send notices to Plaintiffs before the unlawful detainer action could be initiated.

## 1. Whether Defendant is a "debt collector" for purposes of § 1692c and § 1692e of the FDCPA

Defendant argues that because it is an enforcer of security interests, it is not a "debt collector" under the FDCPA, except for purposes of 15 U.S.C. § 1692f(6).[4] The FDCPA defines a "debt collector" as follows:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. . . .

*Id.* § 1692a(6). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 1692a(5).

Some courts have held because the definition of "debt collector" specifies that an enforcer of security interests *is* a debt collector for purposes of section 1692f(6), it is reasonable to conclude that someone whose only business is the enforcement of security interests is *not* a debt collector for the remaining provisions of the statute. *See, e.g.*, *Fouche v. Shapiro & Massey L.L.P.*, 575 F. Supp. 2d 776, 784-88 (S.D. Miss. 2008) (holding on summary judgment that the defendant was not a "debt collector" where it provided an affidavit stating that its law practice

---

[4] Section 1692f(6) prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." Plaintiffs do not allege or argue that Defendant violated this provision. To the contrary, they explicitly state, "Plaintiffs have only alleged two FDCPA violations by Defendant: the first under § 1692e(5) for threatening to take action it had no legal right to take, and second under § 1692c(a)(2) for communicating with Plaintiffs knowing they were represented by counsel. Pl.'s Mem. Opp'n., Doc. 18, at p. 7.

was "exclusively centered upon the representation of mortgage lenders or servicers in enforcing security interests securing real estate loans").

The parties do not address whether, in determining whether Defendant is a "debt collector," the court should consider the specific activities alleged to violate the FDCPA in this case or the allegations in the Complaint regarding Defendant's general activities. However, at least one court has held that the question of whether a person is a "debt collector" is dependent on the person's general activities rather than on the specific allegations in the case. *See Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006) (stating, "[A] party's general, not specific, debt collection activities are determinative of whether they meet the statutory definition of a debt collector . . . Whether a debt collector's specific action qualifies as the collection of a debt . . . is a separate inquiry from whether the party meets the general statutory definition of a debt collector."). This position appears consistent with the statutory definition of "debt collector," which is "one who *regularly* collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added).

Here, although the specific activities alleged to violate the FDCPA in this case relate to the enforcement of a security interest, Plaintiffs also allege generally that Defendant "regularly attempts to collect consumer debts asserted to be due another." 1st Am. Compl. ¶ 5. For purposes of the 12(b)(6) motion, this allegation is sufficient to plausibly suggest that Defendant satisfies the general statutory definition of "debt collector." *See Kaltenbach*, 464 F.3d at 527 (holding that a plaintiff sufficiently alleged a defendant satisfied the general definition of a "debt collector" by alleging that the defendant was "a debt collector, engaged in debt collection activities"; analyzing separately whether the specific activities underlying the plaintiff's FDCPA

claim constituted debt collection activity). Thus, Plaintiffs' claims will not be dismissed on this ground.

### 2. Whether the notice to vacate letters and unlawful detainer action were debt collection for purposes of § 1692c and § 1692e of the FDCPA

Defendant also argues that because the challenged activities in this case were related to the enforcement of a security interest, the activities did not constitute debt collection activity and thus are not subject to sections 1692c and 1692e of the FDCPA.

As both parties recognize, there is a split of authority concerning whether an entity enforcing a security interest is engaging in debt collection, such that the entire FDCPA applies (rather than § 1692f(6) only). Most of these cases have occurred in the context of mortgage foreclosures and related pre-foreclosure activity. Several courts have held that foreclosing on a mortgage does not constitute debt collection under the FDCPA generally, and that therefore FDCPA claims may not be based on foreclosure-related activities. *See, e.g.*, *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (11th Cir. 2009) (holding that the plaintiff could not state a claim based on the defendant's foreclosure sale of the plaintiff's home; reasoning that because the statute's definition of "debt collector" does not appear to include persons whose principal business purpose is the enforcement of security interests, enforcement of a security interest is not debt collection); *Dillon v. Chase Home Fin., LLC*, No. 4:12CV817 HEA, 2014 WL 466212, at *3 (E.D. Mo. Feb. 5, 2014) ("'The plain language of the FDCPA supports the . . . conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g.'") (quoting *Warren*, 342 F. App'x at 460); *Beadle v. Haughey*, No. Civ. 04-272-SM, 2005 WL 300060, at *3 (D.N.H. Feb. 9, 2005) (holding that foreclosing on a mortgage was not debt collection activity covered by the FDCPA; reasoning that unlike a person receiving debt collection letters who lacks the money to pay them, one asked to comply with a

security interest enforcement request can simply return the property); *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (holding that foreclosing on a property pursuant to a deed of trust is not debt collection; reasoning that the FDCPA is directed toward objectionable acts occurring in the process of collecting funds, and the object of a foreclosure action is not obtaining payment of funds).

In contrast, several courts have recently rejected this approach and found that mortgage foreclosure activity is debt collection to which the FDCPA applies. *See, e.g., Glazer v. Chase Home Fin. LLC,* 704 F.3d 453, 462-62 (6th Cir. 2013) (holding that mortgage foreclosure is debt collection under the Act; reasoning in part that "*every* mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (*i.e.,* forcing a settlement) or compulsion (*i.e.,* obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)"); *Wilson v. Draper & Goldberg, P.L.C.C.*, 443 F.3d 373, 376 (4th Cir. 2006) (rejecting the argument that foreclosure proceedings are not debt collection and stating that such a rule "would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt"); *Reese v. Ellis, Painter, Ratteree & Adams, LLP*, 678 F.3d 1211, 1217-18 (11th Cir. 2012) ("In every case involving a secured debt, the proposed rule [exempting from § 1692e any communication that attempts to enforce a security interest] would allow the party demanding payment on the underlying debt to dodge the dictates of § 1692e by giving notice of foreclosure on the secured interest. The practical result would be that the Act would apply only to efforts to collect unsecured debts.").

The parties devote much of their briefing to discussing which of these lines of authority the court should follow. However, these cases are largely inapposite, because the activities alleged to violate the FDCPA in this case did not involve a mortgage foreclosure, but letters sent and an unlawful detainer action filed *after* the foreclosure was complete and the property had been sold. Courts have nearly always found such activities are not debt collection activity covered by the FDCPA, even in jurisdictions adopting the rule that mortgage foreclosures constitute debt collection.

*Bobo v. Trott & Trott, P.C.*, No. 13-14696, 2014 WL 555201 (E.D. Mich. Feb. 12, 2014), is instructive. In *Bobo*, the plaintiff's property went into foreclosure and was sold at a Sheriff's sale. *Id.* at *1. The purchaser at the sale hired the defendant, a law firm, to commence eviction proceedings. *Id.* The defendant sent the plaintiff a "notice to vacate" demanding that the plaintiff vacate the property, and it later initiated an eviction action in state court. *Id.* The plaintiff filed suit under the FDCPA, contending that the notice to vacate letter violated the FDCPA. The court acknowledged that under the Sixth Circuit's precedent in *Glazer*, a mortgage foreclosure is a means of collecting debt and is therefore debt collection under the FDCPA. *Id.* However, it found that the same reasoning did not apply to post-foreclosure attempts to obtain possession:

> [A]]t the time of Defendant's involvement, the mortgage foreclosure process was complete: a Sheriff's sale was held and the redemption period had expired. Defendant's role was to send the notice to vacate and commence eviction proceedings. Defendant was not seeking a deficiency judgment or the payment of money; rather, Defendant demanded that Plaintiff vacate the premises. Under these circumstances, Defendant was not attempting to collect a debt.

*Id.* at *2 (internal citation omitted). The court granted the defendant's motion to dismiss. *Id.* Other courts have come to similar conclusions. *See Call v. Routh Crabtree Olsen, P.S.*, No. 13-5241 RJB, 2013 WL 3805651, at *5 (W.D. Wash. July 18, 2013) (dismissing an FDCPA claim

based on actions taken by a law firm that instituted an unlawful detainer action on behalf of the buyer of property in a foreclosure sale; emphasizing that the unlawful detainer action was instituted to gain possession of the property and not to collect a debt); *Hidalgo v. Aurora Loan Services LLC*, No. 13-CV-1341-H (JMA), 2013 WL 4647550, at *4 (S.D. Cal. Aug. 29, 2013) ("[A]n unlawful detainer action regarding holdover occupants after foreclosure does not qualify as the collection of a debt within the meaning of the FDCPA."); *Calkins v. Shapiro & Anderson, L.L.P.*, No. 05-0815-PHX-ROS, 2005 WL 3434718, at *6 (D. Ariz. Dec. 13, 2005) (holding that contact by a law firm that came only after a foreclosure sale and was connected with removing the plaintiffs from the property was not the collection of debt within the meaning of the FDCPA).

Here, as in these cases, by the time of the challenged notice to vacate letters and unlawful detainer action, the foreclosure was complete and the property had been sold. Nothing in Plaintiffs' First Amended Complaint or the attachments thereto suggests in any way that Defendant was attempting to collect the underlying debt when it sent the notice to vacate letters or when it filed the unlawful detainer action. The notice to vacate letters do not mention the underlying debt, nor do any of Plaintiffs' allegations regarding the unlawful detainer action suggest that Defendant sought to collect on the underlying debt in that action. Instead, the notice to vacate letters and the unlawful detainer action were simply the process by which the buyer of the property attempted to gain possession of it. *See Wells Fargo v. Smith*, 392 S.W.3d 446, 457 (Mo. 2013) ("'[T]he sole issue in any unlawful detainer action is the right of possession.'") (quoting *McNeill v. McNeill,* 456 S.W.2d 800, 807 (Mo. Ct. App. 1970)). Under these

circumstances, Defendant was not collecting a debt when it sent the notice to vacate letters or when it filed the unlawful detainer action.[5]

Plaintiffs argue that even if an unlawful detainer action seeking possession only is not necessarily debt collection activity, here Defendant was attempting to collect a "debt" from Plaintiffs because the prayer for relief in the unlawful detainer petition included a request for "double the sum of monthly rent as damages." Defendant argues that this amount was not a "debt" within the meaning of the FDCPA, but rather a penalty for unlawful detainer mandated by Missouri's unlawful detainer statute. That statute provides, in relevant part, as follows:

> If the verdict of the jury or the finding of the judge is for the complainant, the judge shall record the verdict or finding, and the judgment shall be that the complainant have restitution of the premises found to have been forcibly or unlawfully detained, and recover from the defendant the sum of .......... dollars, double the sum assessed by the jury, or found for his damages; and also at the rate of .......... dollars, double the sum found per month, for rents and profits, from the .......... day of .........., 20..., the day of judgment, until restitution be made, together with costs.

Mo. Rev. Stat. § 534.330.1. This statute entitles a successful plaintiff in an unlawful detainer action to "double the sum assessed for damages, and also for monthly rents and profits up to the time of restitution." *Gordon v. Williams*, 986 S.W.2d 470, 474 (Mo. App. E.D. 1998). The "entry of judgment for double the amount of damages . . . is mandatory." *Massey v. Goforth*, 305 S.W.2d 894, 897 (Mo. App. 1957).

As discussed above, the FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C.

---

[5] The court does not reach the question of whether pre-foreclosure communications and foreclosure proceedings themselves constitute debt collection that is covered by the FDCPA.

§ 1692a(5). It is well-established that "not all obligations to pay are considered debts subject to the FDCPA." *Hicken v. Arnold, Anderson & Dove, P.L.L.P.*, 137 F. Supp. 2d 1141, 1143 (D. Minn. 2001). Instead, "the FDCPA may be triggered only when an obligation to pay arises out of a consumer transaction." *Id.* "At a minimum, the transaction must involve some kind of business dealing or other consensual consumer obligation." *Id.*

The parties have not cited, and the court has not found, any cases addressing whether a statutory provision providing for damages in an unlawful detainer action can constitute a "debt" within the meaning of the FDCPA. However, other courts have held that obligations to pay that arise based on a statute providing for civil damages, rather than a consumer transaction, are not "debts" within the meaning of the FDCPA. *See DirecTV, Inc. v. Karpinsky*, 269 F. Supp. 2d 918, 927 (E.D. Mich. 2003) (demand for civil damages pursuant to federal statute based on alleged illegal interception of satellite television signals was not debt under the FDCPA), *order vacated in part on other grounds*, 2003 WL 21782351 (E.D. Mich. July 31, 2003); *Shorts v. Palmer*, 155 F.R.D. 172, 175-76 (S.D. Ohio 1994) (demand for civil damages pursuant to Ohio statute based on alleged theft of personal property did not involve a "debt contracted by a consumer" and was not covered by the FDCPA). Similarly, in *Cook v. Hamrick*, 278 F. Supp. 2d 1202, 1203-05 (D. Colo. 2003), the court considered whether a demand for attorney's fees included in a complaint for unlawful detainer constituted an unlawful attempt to collect a "debt" under the FDCPA. The court stated:

> [Courts] are in agreement that a "debt" is created only when a transaction creates an obligation to pay. *Bass [v. Stolper, Koritzinsky, Brewer & Neider, S.C.*, 111 F.3d 1322, 1325 (7th Cir. 1997)]. *Accord Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 924 (11th Cir. 1997). When an obligation to pay is created by something other than a consumer transaction, the obligation is not a "debt" as defined by the FDCPA. *See Hicken v. Arnold, Anderson & Dove, P.L.L.P.*, 137 F.Supp.2d 1141, 1143 (D. Minn. 2001) (obligation to pay created by divorce

decree is not a "debt" because is does not arise out of consumer transaction); *Mabe [v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994)] (child support obligation is not "debt" because it arises out of a court order and not a consumer transaction). Because the prayer for attorney fees at issue in this case, as well as any right of [the defendant law firm's client] to collect those fees, would have arisen out of the legal proceedings in the action for unlawful detainer and not out of any consumer transaction with Cook, it does not constitute a "debt" or a communication regarding a "debt" and the FDCPA does not apply.

*Id.* at 1205.

Here, as in the above cases, there is nothing to suggest that Plaintiffs ever entered into an agreement or transaction obligating them to pay double the amount of the reasonable rental value of the property (or, indeed, any rent at all).[6] Rather, their obligation to pay double rent arose by statute when they unlawfully retained possession of the property. The court finds this situation analogous to the statutory civil damages that arose due to the wrongful actions in *Shorts* and *DirecTV* and the attorney's fees in *Cook*. Because the statutory damages Defendant sought in the unlawful detainer action here did not arise from a business dealing or consensual consumer obligation, they were not a debt, and Defendant's attempt to collect them is not covered by the FDCPA.

The court's conclusion is not changed by the fact that the letters sent to Plaintiffs contained statements advising Plaintiffs that Defendant was a "debt collector attempting to collect debt" under the FDCPA. Courts have found that the inclusion of such language in

---

[6] Some courts have found that in the landlord/tenant situation, back rent is "debt" under the FDCPA. *See, e.g., Romea v. Heiberger & Assocs.*, 163 F.3d 111, 115 (2nd Cir. 1998) (reasoning that back rent is a debt because it "by its nature is an obligation that arises only from the tenant's failure to pay the amounts due under the contractual lease transaction"). Here, however, there are no allegations that Plaintiffs ever agreed to pay rent as part of a lease transaction. Indeed, the first letter Defendant sent to Plaintiffs expressly states, "Remaining on the premises after the date of this notice does not make you a tenant of the new owner." (Doc. 1-6).

communications does not estop a defendant from denying that the FDCPA applies, at least where the plaintiff fails to show that he or she detrimentally relied on the language. *See Chomilo v. Shapiro, Normeyer & Zielke, LLP*, No. 06-3103 (RHK/AJB), 2007 WL 2695795, at *6 (D. Minn. Sept. 12, 2007) (holding that the defendant's inclusion of similar FDCPA warnings in its foreclosure communications did not estop it from denying that the FDCPA applied to such communications; reasoning that the defendant had included the notices out of an abundance of caution and that the plaintiff had not demonstrated that she had relied on the warnings to her detriment); *Alexander v. Omega Mgmt., Inc.,* 67 F. Supp. 2d 1052, 1056 (D. Minn. 1999) (holding that the defendant was not estopped from asserting that it was not a debt collector despite its practices of sending out FDCPA notices; noting that the plaintiff had not shown that she had justifiably relied on the notices). Here, Plaintiffs have not alleged that they relied to their detriment on this language. Moreover, given the relatively unsettled nature of the law in this area, it was reasonable for Defendant to err on the side of caution and include the FDCPA disclaimers in its communications.

In sum, because the court finds that Plaintiffs have failed to allege facts plausibly suggesting that Defendant was engaged in the collection of a debt for purposes of § 1692e(5) or § 1692(a)(2) of the FDCPA, the court need not reach Defendant's remaining arguments. Plaintiffs have failed to state a claim, and their claims must be dismissed.

## CONCLUSION

For the above reasons, Plaintiffs have failed to state a claim under the FDCPA, and their claims will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' First Amended Complaint (Doc. 8) is **DISMISSED**, with prejudice. A separate Order of Dismissal will accompany this Memorandum.

Dated this 2nd day of June, 2014.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE